IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Evalina Walls, | ) | Civil Action No.: 4:13-cv-02551-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Dillon County Detention Center, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Evalina Walls filed this action against Defendant, Dillon County Detention Center, alleging unlawful discrimination in the course of her employment. She asserts a cause of action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, a cause of action pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) *et seq*., as well as South Carolina common law defamation and negligent retention and supervision claims. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant filed a motion for summary judgment on grounds, *inter alia*, that the plaintiff's ADEA claim is barred by sovereign immunity; that the Title VII and ADEA claims fail because the plaintiff has not shown that she received a notice of right to sue letter from the EEOC; that the federal claims are barred by the ninety-day statute of limitations; and that her federal claims fail on the merits. (ECF No. 20). Defendant also moved for summary judgment on the state law claims, which the plaintiff has now abandoned. The plaintiff has filed a motion to amend her complaint to add as a party defendant the Dillon County Sheriff's Department as the proper party defendant.

These matters are now before the Court after the issuance of a Report and Recommendation ("R&R") by United States Magistrate Judge Thomas E. Rogers, III.[1] The Magistrate Judge recommends granting Defendant's motion for summary judgment as to her federal claims (the state law claims having been abandoned), and denying Plaintiff's motion to amend on the basis of futility.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff was employed by the Dillon County Sheriff's Office at the Dillon County Detention Center as a sergeant, supervising five detention officers.   Her employment was terminated on November 26, 2012 for "misconduct in office" after a complaint was made that she sexually harassed another detention officer.   (The facts are set forth in more detail in the Report and Recommendation.)   On December 4, 2012, Plaintiff filed an employment discrimination complaint against the detention center, alleging that another sergeant "committed a similar offense and was not terminated. I believe my employer discriminated against my (sic) because of my sex/female and age/50 in violation under Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act of 1967 as amended."   (ECF No. 20-3, p. 11). The charge was also assigned an EEOC deferral number.   The South Carolina Human Affairs Commission issued a notice and right to sue letter on her discrimination complaint on May 24, 2013. *Id*., p. 12.   However, the plaintiff does not recall receiving a notice of right to sue from the EEOC.  (Pl. Dep. 88-89, ECF No. 20-2, pp. 22-23)   On September 19, 2013, Plaintiff filed suit in this court. As noted above, Plaintiff's claims consisted of a claim under Title VII for discrimination and retaliation; a claim under the ADEA; and South Carolina defamation and negligent retention and supervision claims.   The Magistrate Judge issued his R&R on January 13, 2015, noting that allegations in the Complaint

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

regarding race discrimination and retaliation were apparently scrivener's errors and that the plaintiff apparently intended to allege discrimination on the basis of sex and retaliation. The Magistrate also noted that the plaintiff had apparently abandoned her state law claims by failing to respond to the defendant's motion for summary judgment regarding those claims. He recommends that the defendant's motion for summary judgment on the ADEA claim be granted on the basis of Eleventh Amendment immunity. Finally, he recommends that the motion for summary judgment be granted as to the Title VII sex discrimination and retaliation claims on the basis that Plaintiff has failed to exhaust her administrative remedies, as she has not shown that she received a notice of right to sue letter from the EEOC, which triggers the 90-day statute of limitations for bringing a federal suit. (R&R, ECF No. 40). Plaintiff filed timely objections to the R&R. (Pl.'s Objs., ECF No. 41).

In her objections, Plaintiff objects to dismissal of the case with prejudice and to the recommendation that summary judgment be granted on the basis of failure to exhaust administrative remedies. She argues that, "[b]ecause Plaintiff becomes entitled to a right to sue letter after 180 days, even if the EEOC does not provide a right to sue letter, Plaintiff has the right to file suit after 180 days and has exhausted administrative remedies, even without a NRTS from EEOC." *Id.*, p. 3.

She states that she objects only to these recommendations. Accordingly, the defendant's motion for summary judgment is granted as to the ADEA claim, any race discrimination and associated retaliation claim, and the state law claims. In this order, the Court will only address the Title VII sex discrimination/retaliation claims.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo*

determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends granting Defendant's motion for summary judgment as to the Title VII sex discrimination and retaliation claims. Specifically, the Magistrate Judge relies on *Davis v. North Carolina Dep't of Corrections*, 48 F.3d 134, 137-38 (4th Cir. 1995) and *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 825 (1990) and concludes that the plaintiff's failure to show that she received a notice of right to sue letter from the EEOC, which was a precondition to bringing suit in federal court, establishes that she has failed to exhaust her administrative remedies. R&R 10-14. In objecting to the recommendation, Plaintiff asserts the recommendation was erroneous, contending that she has received a right to sue letter from SHAC and has shown entitlement to the notice of right to sue from the EEOC, even if she has not actually received such a notice. (Pl.'s Objs. 3-6).

4

Despite Plaintiff's objections, however, this Court is bound by Fourth Circuit and Supreme Court case law.[2]  Under *Davis* (citing *Yellow Freight*), "a federal discrimination claim brought by a private party cannot be heard by a federal district court until the EEOC has conducted an investigation and determined the validity of the claim.  Further, [42 U.S.C. § 2000e-5(b)] requires that the EEOC decide whether the agency will bring the claim in federal court or whether the complainant will be issued a right-to-sue letter, which letter is essential to initiation of a private Title VII suit in federal court."  *Davis*, 48 F.3d at 137-38.

Walls' objection to the R&R relies on *Russell v. American Tobacco Co*., 528 F.2d 357 (4th Cir. 1975), *Perdue v. Roy Stone Transfer Corp*., 690 F.2d 1091 (4th Cir. 1982), and *Stiefel v. Bechtel Corp*., 624 F.3d 1240 (9th Cir. 2010). Walls argues that these cases hold that entitlement to a right-to-sue letter rather than actual receipt is prerequisite to suit in federal court.  However, those cases are distinguishable.  *Russell v. American Tobacco Co*., involved a plaintiff who received a right-to-sue letter, but the record did not establish the date the plaintiff  received the notice.  In another paragraph concerning the EEOC's failure to provide notice of the charge and conciliate with one of the defendants,  the Court stated that "[a] Title VII complainant is not charged with the commission's failure to perform its statutory duties." *Id*.  *Russell* did not involve a plaintiff who did not receive a right-to-sue letter.  Therefore, it is not applicable to Walls' argument.

In *Perdue v. Roy Stone Transfer Corp*., the plaintiff was allowed to proceed with her lawsuit, even though she had not obtained a right-to-sue letter. 690 F.2d at 1095. The Court reached that decision because the defendant had breached an EEOC-negotiated settlement agreement, and

---

[2] Plaintiff also cites the EEOC Compliance Manual, No. 915.003, Section 2-IV(B) in support of her argument.  *See* also, 29 C.F.R. Section 1601.28(a) and (d).  The Compliance Manual as quoted by Plaintiff refers to a plaintiff's right to request a notice of right to sue from the EEOC 180 days after filing a charge. However, the record contains no evidence that the plaintiff requested a notice of right to sue from the EEOC.  The cited portion of the manual also refers to an individual requesting the notice "if the Commission determines that it is unlikely that it will complete its administrative processing of the charge within 180 days of the filing date."  There is no record in this case of the Commission making such a finding.

5

the plaintiff had repeatedly requested from the EEOC – but had not received – a right-to-sue letter. The facts in *Perdue* are so unique that Courts across the country have distinguished it from cases similar to the case at bar. *See, e.g., Riley v. ITT Federal Services Corp.*, 2001 WL 194067, \*3 (D. Conn. Feb. 22, 2001) ("Perdue is inapposite" to case where plaintiff had "not obtained a right-to-sue letter from the EEOC."); *Goal v. Retzer Resources Inc.*, 2009 WL 5174181, \*2 (E.D.Ark. Dec. 22, 2009) ("Unlike in *Perdue*, the EEOC has not refused to issue Goal a right to sue letter because of a breached settlement agreement."); *Wiercinski v. Mangia* 57, Inc., 2012 WL 2319142, \*6 (E.D.N.Y. Jun. 19, 2012) ("Here, by contrast, plaintiff does not contend Mangia breached any settlement agreement between it and plaintiff"). Because no settlement agreement breach occurred in this case, and there is no evidence in the record that Wall ever requested the EEOC issue her a right-to-sue letter, *Perdue* does not support Walls' objection to the R&R.

*Stiefel v. Bechtel Corp.*, is most closely analogous to Walls' situation. In *Stiefel*, the plaintiff received a right-to-sue letter from the California Department of Fair Employment and Housing ("DFEH"), but failed to file with the EEOC and request a right-to-sue letter from the EEOC as instructed by DFEH. *Stiefel*, 624 F.3d at 1243-44. The Ninth Circuit held that "once a plaintiff is *entitled* to receive a right-to-sue letter . . . it makes no difference whether the plaintiff actually obtained it." *Id. quotation omitted.* Courts outside the Ninth Circuit, however, including at least one district court within the Fourth Circuit, have held that receipt of a state agency notice – or the filing of a charge with the EEOC without receiving a right-to-sue letter – is not enough. *See Bulls v. Holmes*, 403 F.Supp. 475, 481 (E.D.Va. 1975) ("This Court is not deviating from the established rule that a right to sue letter is a jurisdictional prerequisite[3] for a Title VII action." Motion to dismiss was denied where there was a question as to whether a right to sue letter (was)

---

[3] The United States Supreme Court later held that <u>filing a timely charge of discrimination with the EEOC</u> is not jurisdictional but is treated as a statute of limitations period that is subject to waiver, estoppel, and equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982).

demanded and improperly refused.); *Saylor v. Delaware Dept. of Health and Social Services*, 569

F.Supp.2d 420, 423 (D.Del. 2008) ("Plaintiff has not presented this court with a valid EEOC Right

to Sue letter or even mentioned the EEOC; consequently, the court finds that Plaintiff has failed to

adequately exhaust all administrative remedies."); *Daoud v. City of Wilmington*, 894 F.Supp.2d

544, 556 (D.Del. 2012) ("Plaintiff cannot simultaneously seek relief in district court while the

EEOC's administrative procedure is pending."); C*anty v. Wackenhut Corrections Corp*., 255

F.Supp.2d 113, 116-17 (E.D.N.Y. 2003) ("[W]hile the complaint alleges that a grievance was filed

with the EEOC, it does not state that Canty obtained a right-to-sue letter. Thus, she has not

demonstrated that she has exhausted her administrative remedies.")  These decisions are in accord

with United States Supreme Court and Fourth Circuit precedent. *See Gladstone Realtors v. Village*

*of Bellwood*, 441 U.S. 91, 104 (1979) n.12 (Under Title VII, 42 U.S.C. Section 2000e-5, a claimant

"must obtain a 'right-to-sue' letter before proceeding in federal court."); *Yellow Freight Sys*., 494

U.S. at 825 ("The action by the EEOC, in contrast, is a predicate for litigation based on the federal

statute."); *Patterson v. McLean Credit Union*, 491 U.S. 164, 181 (1989) ("In Title VII, Congress set

up an elaborate administrative procedure, implemented through the EEOC, that is designed to assist

in the investigation of claims of racial discrimination in the workplace and to work towards the

resolution of these claims through conciliation rather than litigation. . . Only after these procedures

have been exhausted, and the plaintiff has obtained a 'right to sue' letter from the EEOC, may he

or she bring a Title VII action in court."); *Davis*, 48 F.3d at 137-38. [4]

The Court, thus, agrees with the Magistrate Judge that the plaintiff failed to exhaust her

administrative remedies because she filed this action before receiving a right to sue letter from the

---

[4] The Fourth Circuit has recognized that equitable principles may be available under some circumstances to toll the 90-day deadline to file suit after receipt of the right-to-sue letter. *See Harvey v. City of New Bern Police Dept*., 813 F.2d 652 (4th Cir. 1987).

EEOC.  The defendant's motion for summary judgment is granted on this ground alone as to the Title VII sexual discrimination and retaliation claim, and that claim is dismissed without prejudice.[5]

CONCLUSION

The Court has thoroughly reviewed the entire record, including Defendant's motions, the parties' briefs, the R&R, objections to the R&R, and applicable law.  For the reasons stated above and by the Magistrate Judge, the Court adopts the R&R of the Magistrate Judge, as modified.

**IT IS THEREFORE ORDERED** that, as to the Title VII claims for sexual discrimination and retaliation, Defendant's motion for summary judgment is **GRANTED on the basis of the plaintiff's failure to exhaust administrative remedies,** and Plaintiff's Title VII claims for sexual discrimination and retaliation are **DISMISSED** *without prejudice*.  Plaintiff's state law claims, any race discrimination claims under Title VII, and the ADEA claim are dismissed with prejudice. The plaintiff's motion to amend is denied as futile.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

March 13, 2015
Florence, South Carolina

---

[5] Where the plaintiff in a Title VII case has not received a right to sue letter, dismissal of the claim without prejudice rather than with prejudice is appropriate.  *See Guerrero v. Reeves Bros., Inc*., 562 F. Supp. 603, 606  (D.N.C. 1983).