IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Evalina Walls, | ) | Civil Action No.: 4:13-cv-2551-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Dillon County Detention Center, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This Court entered its Order on March 13, 2015, adopting as modified the Report and Recommendation of Magistrate Judge Thomas E. Rogers, III, and granting the defendant's motion for summary judgment. The plaintiff's Title VII claims for sexual discrimination and retaliation were dismissed without prejudice on the basis of the plaintiff's failure to exhaust administrative remedies by obtaining a right to sue letter from the EEOC before bringing suit. Summary judgment was granted as to the remaining claims on the merits. Judgment was entered by the Clerk on March 13, 2015 in favor of the defendant. Defendant filed a Bill of Costs on March 16, 2015 requesting an award of costs for two depositions totaling $980.65. The plaintiff has objected to the defendant's bill of costs.

Prevailing parties are entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides: "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs and there exists a presumption to that effect. *Cherry v. Champion Intl. Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). "To overcome the presumption, a district court 'must

1

justify its decision [to deny costs] by 'articulating some good reason for doing so.'" *Id.*, *citing Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994).  The expenses which may be taxed are listed in 28 U.S.C. § 1920 and Local Civil Rule 54.03.

Costs may be denied only when there would be an element of injustice in a presumptive cost award.  *See Delta Air Lines v. August*, 450 U.S. 346, 355 (1981).  Factors which may justify refusal by the court to award costs include misconduct by the prevailing party, the losing party's inability to pay, the excessiveness of the costs claimed in a particular case, the limited value of the prevailing party's victory, or the closeness and difficulty of the issues decided.  *Teague*, 35 F.3d at 996.

As grounds for denial of costs to the defendant, the plaintiff asserts that it would be inequitable to award the defendant costs due to the fact that "Plaintiff had a good faith belief in this lawsuit, the issues were close and difficult and Plaintiff is of modest means."  (ECF No. 48, p. 2)  Regardless of whether the plaintiff had a good faith belief in the lawsuit, she failed to timely submit into the record in this case any proof of a right to sue letter from the EEOC as required.[1]  The issues were not close and difficult.  The amount of time taken between the date the motion for summary judgment was filed and the date of the court's decision was dictated by the demands of the Court's docket and not the complexity of the issues.  Finally, the plaintiff indicates that she "has not secured steady employment", but she provides no further details regarding such.  The Court believes it would be equitable to award the defendant the limited award of costs requested, under all of the circumstances of the case.

For the reasons stated above, Defendant is awarded costs in the amount of **$980.65**.  These costs shall be included in the judgment of this Court.

---

[1] The Court notes in reviewing the docket that the plaintiff has filed her own *pro se* appeal and has now submitted to the Fourth Circuit a right to sue letter from the EEOC that was never submitted to this Court.

**AND IT IS SO ORDERED.**

                                                 s/ R. Bryan Harwell
                                                 R. Bryan Harwell
                                                 United States District Court Judge

June 11, 2015
Florence, South Carolina